JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michelle Waddy, Larry Martin, Maya Williams (a minor by and through her Mother, Michelle Waddy) and Paris Williams (a minor by and through her Mother, Michelle Waddy)

(b) County of Residence of First Listed Plaintiff __Hudson__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael E. Ellery, Esquire/Console and Hollawell
525 Route 73 South, Suite 117, Marlton, NJ 08053
856-778-5500

## DEFENDANTS
New Star Logistics, Inc., Charanjit Singh and/or Charanjit Singh Grewal, John Doe #1-10 (fictitious) and ABC Corporation #1-10 (fictitious)

County of Residence of First Listed Defendant __Fresno, CA__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE WADDY, LARRY MARTIN, MAYA WILLIAMS (a minor by and through her Mother, Michelle Waddy) and PARIS WILLIAMS (a minor by and through her Mother, Michelle Waddy)<br><br>Plaintiffs<br><br>v.<br><br>NEW STAR LOGISTICS, INC., CHARANJIT SINGH, CHARANJIT SINGH GREWAL, JOHN DOE #1-10 (fictitious) and ABC CORPORATION #1-10 (fictitious)<br><br>Defendants | CIVIL ACTION<br><br>*COMPLAINT* |

Plaintiffs, Michelle Waddy, Larry Martin, Maya Williams and Paris Williams, by and through their attorneys, Console and Hollawell, state:

## PARTIES

1. Plaintiffs, Michelle Waddy, Larry Martin, Maya Williams and Paris Williams are citizens of New Jersey who reside at 369 Union Street, Jersey City, NJ.

2. Defendant, New Star Logistics, Inc., is a California corporation with its principal place of business at 5734 W. Magill Avenue, Fresno, CA.

3. Defendant, Charanjit Singh, is a citizen of New York who resides at 14404 87th Avenue, Jamaica, NY.

4. Defendant, Charanjit Singh Grewal, is a citizen of California who is the President of New Star Logistics, Inc., who resides at 5734 W. Magill Avenue, Fresno, CA.

5. Defendant, John Doe #1-10 are fictitious named defendants who are individuals whose identities are unknown at the present but whose acts and/or omissions were a legal and factual cause of Plaintiffs' injuries and damages.

6. Defendant, ABC Corporation #1-10 are fictitious named defendants who are companies, corporations or other business entities whose identities are unknown at the present but whose acts and/or omissions were a legal and factual cause of Plaintiffs' injuries and damages.

## JURISDICTION AND VENUE

7. Jurisdiction is founded in the United States District Court pursuant to 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship amongst the parties.

8. Venue lies in the United States District Court, District of New Jersey pursuant to 28 U.S.C. §1391, as defendant, New Star Logistics, Inc. is an interstate trucking company, regulated by the Federal Motor Carrier Safety Administration, which regularly conducts business in the State of New Jersey.

## STATEMENT OF FACTS

9. On August 25, 2015 at approximately 4:20 p.m., Plaintiff, Michelle Waddy was lawfully operating her motor vehicle southbound on State Highway I-95, at or near mile marker 141, in Turbeville, South Carolina.

10. Plaintiffs, Larry Martin, Maya Williams and Paris Williams were passengers in the Waddy vehicle.

11. On the above date and time, a tractor trailer driven by Charanjit Singh and/or Charanjit Singh Grewal and owned by New Star Logistics, Inc. was traveling southbound on State Highway I-95, at or near mile marker 141, in Turbeville, South Carolina.

12. At all times material, defendant, Charanjit Singh and/or Charanjit Singh Grewal was driving the New Start Logistics, Inc. tractor trailer in the lane immediately to the left of Plaintiff's vehicle.

13. Defendant, Charanjit Singh and/or Charanjit Singh Grewal, failed to maintain control of the tractor trailer and did so carelessly and negligently operate the tractor trailer when he suddenly and without warning changed lanes, violently crashing into the driver side of Plaintiffs' vehicle.

14. The collision was caused entirely by the negligence and carelessness of defendants, and was due in no part to any act or omission of any other entity.

## FIRST COUNT
### Plaintiffs v. Charanjit Singh and/or Charanjit Singh Grewal

15. Plaintiffs incorporates by reference paragraphs 1 through 14 above as though the same were set forth herein at length.

16. The negligence and carelessness of defendant, Charanjit Singh and/or Charanjit Singh Grewal consisted of the following:

   (a) failing to have the tractor trailer he was operating under such control as the situation warranted;

   (b) operating the tractor trailer at an excessive rate of speed under the circumstances;

   (c) operating the tractor trailer in complete disregard of the point and position of the Plaintiffs' vehicle;

   (d) failing to observe Plaintiffs' vehicle, which was lawfully in a proper travel lane on the roadway;

   (e) failing to abide by the rules of the road and the Motor Vehicle Code of the State of South Carolina;

   (f) failing to control the tractor trailer he was operating without striking Plaintiffs' vehicle;

   (g) failing to operate the tractor trailer in a safe and prudent manner under the conditions then existing;

   (h) failing to operate the tractor trailer at a safe speed and being able to operate the tractor trailer within an assured clear distance ahead;

   (i) other acts or omissions that are not currently known, but are discovered in the course of the case; and

(j) operating the tractor trailer in violation of the regulations under Federal Motor Carrier Safety Administration.

17. As a direct and proximate result of the acts and/or omissions of defendant, Charanjit Singh and/or Charanjit Singh Grewal, Plaintiffs sustained severe and permanent personal injuries, mental anxiety and anguish, a severe shock to their entire nervous system and other injuries, the full extent of which are not yet known.

18. As a direct and proximate result of the acts and/or omissions of defendant, Charanjit Singh and/or Charanjit Singh Grewal, Plaintiffs have been and will continue to be compelled to spend large sums of money for medical care in an effort to cure themselves of the injuries from which they have suffered and will continue to suffer as a result of this accident.

19. As a further direct and proximate result of defendant, Charanjit Singh and/or Charanjit Singh Grewal's acts and/or omissions, Plaintiffs have suffered pain, mental anguish and loss of life's pleasures and will continue to suffer for an indefinite period of time in the future.

WHEREFORE, Plaintiffs, Michelle Waddy, Larry Martin, Maya Williams and Paris Williams demand judgment in their favor and against defendant, Charanjit Singh and/or Charanjit Singh Grewal for damages in excess of $75,000.00, exclusive of interest and costs.

## SECOND COUNT
### Plaintiffs v. New Star Logistics, Inc.

20. Plaintiffs incorporate by reference paragraphs 1 through 19 above as though fully set forth herein at length.

21. At the aforesaid time and place, defendant, Charanjit Singh and/or Charanjit Singh Grewal, was operating a tractor trailer that was owned by defendant New Star Logistics, Inc.

22. At the aforesaid time and place, defendant, Charanjit Singh and/or Charanjit Singh Grewal, was operating the tractor trailer as an agent, servant and/or employee of defendant, New Star Logistics, Inc. and with the express and/or implied permission of defendant New Star Logistics, Inc., and therefore defendant, Charanjit Singh and/or Charanjit Singh Grewal's acts of negligence are imputed to defendant, New Star Logistics, Inc.

23. As a direct and proximate result of the acts and/or omissions of defendant, New Star Logistics, Inc., Plaintiffs sustained severe and permanent personal injuries, mental anxiety and anguish, a severe shock to their entire nervous system and other injuries, the full extent of which are not yet known.

24. As a direct and proximate result of defendant, New Star Logistics, Inc.'s acts and/or omissions, Plaintiffs have in the past and will suffer from bodily pain and suffering, and have been and will be prevented from performing their ususal and daily activities all to their great detriment and loss.

25. As a further direct and proximate result of defendant, New Star Logistics, Inc.'s acts and/or omissions, Plaintiffs have been and will continue to be compelled to spend large sums of money for medical care in an effort to cure themselves of the injuries from which they have suffered and will continue to suffer as a result of defendant's negligence and carelessness.

26. As a further direct and proximate result of defendant, New Star Logistics, Inc.'s acts and/or omissions, Plaintiffs have suffered pain, mental anguish and loss of life's pleasures and will continue to suffer for an indefinite time into the future.

27. As a further direct and proximate result of defendant, New Star Logistics, Inc.'s acts and/or omissions, Plaintiffs have or may hereafter incur other financial expenses or losses which do or may exceed that which they may be otherwise entitled to recover.

WHEREFORE, Plaintiffs, Michelle Waddy, Larry Martin, Maya Williams and Paris Williams, demand judgment in their favor against defendant, New Star Logistics, Inc. for damages in excess of $75,000 exclusive of interest and costs.

### THIRD COUNT
### Plaintiffs v. John Doe #1-10 (fictitious)

28. Plaintiffs incorporate by reference paragraphs 1 through 27 above as though the same were herein set forth at length.

29. At the aforesaid time and place, defendant, John Doe #1-10 (fictitious), was operating the tractor trailer as an agent, servant and/or employee of defendant, New Star Logistics, Inc. and with the express and/or implied permission of defendant, New Star Logistics, Inc. and therefore defendant, John Doe #1-10 (fictitious)'s acts of negligence are imputed to defendant, New Star Logistics, Inc.

30. As a direct and proximate result of the acts and/or omissions of defendant, John Doe #1-10 (fictitious), Plaintiffs sustained severe and permanent personal injuries, mental anxiety and anguish, a severe shock to their entire nervous system and other injuries, the full extent of which are not yet known.

31. As a direct and proximate result of defendant, John Doe #1-10's (fictitious) acts and/or omissions, Plaintiffs have in the past and will suffer from bodily pain and suffering, and have been and will be prevented from performing their ususal and daily activities all to their great detriment and loss.

32. As a further direct and proximate result of defendant, John Doe #1-10's (fictitious) acts and/or omissions, Plaintiffs have been and will continue to be compelled to spend large sums of money for medical care in an effort to cure themselves of the injuries from which they have suffered and will continue to suffer as a result of defendant's negligence and carelessness.

33. As a further direct and proximate result of defendant, John Doe #1-10's (fictitious) acts and/or omissions, Plaintiffs have suffered pain, mental anguish and loss of life's pleasures and will continue to suffer for an indefinite time into the future.

34. As a further direct and proximate result of defendant, John Doe #1-10's (fictitious) acts and/or omissions, Plaintiff s have or may hereafter incur other financial expenses or losses which do or may exceed that which they may be otherwise entitled to recover.

**WHEREFORE**, Plaintiffs, Michelle Waddy, Larry Martin, Maya Williams and Paris Williams, demand judgment in their favor and against defendant, John Doe #1-10 (fictitious), for damages in excess of $75,000.00 exclusive of interest and costs.

## FOURTH COUNT
### Plaintiffs v. ABC Corporation #1-10 (fictitious)

35. Plaintiffs incorporate by reference paragraphs 1 through 34 above as though the same were herein set forth at length.

36. Defendant, Charanjit Singh and/or Charanjit Singh Grewal was operating a tractor trailer with the full permission of and/or as an agent, servant and/or employee of ABC Corporation #1-10 (fictitious) and, therefore, all negligence of defendant, Charanjit Singh and/or Charanjit Singh Grewal, is thereby imputed to ABC Corporation #1-10 (fictitious) by the doctrine of Respondeat Superior.

37. Alternatively, ABC Corporation #1-10 (fictitious), are companies or other entities that were otherwise careless, negligent and/or reckless in causing or contributing to the injuries and damages sustained by Plaintiffs.

38. As a direct and proximate result of the acts and/or omissions of defendant, ABC Corporation #1-10 (fictitious), Plaintiffs sustained severe and permanent personal injuries, mental anxiety and anguish, a severe shock to their entire nervous system and other injuries, the full extent of which are not yet known.

39. As a direct and proximate result of defendant, ABC Corporation #1-10's (fictitious) acts and/or omissions, Plaintiffs have in the past and will suffer from bodily pain and suffering, and have been and will be prevented from performing their ususal and daily activities all to their great detriment and loss.

40. As a further direct and proximate result of defendant, ABC Corporation #1-10's (fictitious) acts and/or omissions, Plaintiffs have been and will continue to be compelled to spend large sums of money for medical care in an effort to cure themselves of the injuries from which they have suffered and will continue to suffer as a result of defendant's negligence and carelessness.

41. As a further direct and proximate result of defendant, ABC Corporation #1-10's (fictitious) acts and/or omissions, Plaintiffs have suffered pain, mental anguish and loss of life's pleasures and will continue to suffer for an indefinite time into the future.

42. As a further direct and proximate result of defendant, ABC Corporation #1-10's (fictitious) acts and/or omissions, Plaintiffs have or may hereafter incur other financial expenses or losses which do or may exceed that which they may be otherwise entitled to recover.

**WHEREFORE**, Plaintiffs, Michelle Waddy, Larry Martin, Maya Williams and Paris Williams, demand judgment in their favor and against defendant, ABC Corporation #1-10 (fictitious), for damages in excess of $75,000.00 exclusive of interest and costs.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

CONSOLE & HOLLAWELL

BY: _____
Michael E. Ellery
Console & Hollawell, P.C.
Attorney for Plaintiff
525 Route 73 North, Suite 117
Marlton, NJ 08053
856-778-5500
856-778-1918 - fax
mellery@consoleandhollawell.com